[No. 3,727.]

## JOHN CARPENTER *v.* A. R. BIGGS ET AL.

NOTE OF MINING CORPORATION.—A Superintendent of a mining corporation cannot bind the corporation by a promissory note, unless he has authority from the corporation to make it.

ASSIGNMENT OF PROMISSORY NOTE.—An assignment of the note of a mining corporation, made by its Superintendent, but void for want of the authority of the Superintendent to make it, does not carry with it the debt for which the note was given.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The "Jennie A. Consolidated Mining Company" was incorporated under the laws of California, and owned and worked a mine near Hamilton, State of Nevada. In the Spring of 1870, A. R. Biggs was appointed Superintendent of the mine. His powers as Superintendent were in no way defined by any resolution of the Directors of the corporation, but he was instructed by letters and otherwise from the officers of the company, not to contract any debt, but merely to expend such money as might be furnished him ; but these instructions were not known to the plaintiff or his assignors. Biggs worked the mine until December 14th, 1870, and the workmen he employed boarded with Morton & Wells, who kept a boarding house, until the workmen owed Morton & Wells one thousand one hundred and thirty-three dollars and nine cents for board. The company owed the men for work, and the Superintendent agreed that the company should pay Morton & Wells, and the amount should be charged to the workmen. All parties consented to this, and the Superintendent gave Morton & Wells the following notes :

"HAMILTON, December 13th, 1870.

"Twenty days after date, the Jennie A. Consolidated Mining Company promise to pay to the order of Messrs. Morton & Wells, in United States gold coin, five hundred and sixty-six dollars and fifty-four cents, for value received.
"$566 54.                          A. R. BIGGS,
                                        "Superintendent."

"HAMILTON, December 13th, 1870.

"Thirty days after date, the Jennie A. Consolidated Mining Company promise to pay to the order of Messrs.

Morton & Wells, in United States gold coin, five hundred and sixty-six dollars and fifty-five cents, for value received.
"$566 55.                                 A. R. BIGGS,
                                              "Superintendent."

Morton & Wells transferred the notes to the plaintiff, by the following indorsement on the back of each :

"Pay to John Carpenter, for value received.
                                    "MORTON & WELLS."

This action was brought against the stockholders of the corporation on said notes.

The defendants had judgment in the Court below, and the plaintiff appealed.

*G. W. Tyler*, for Appellant.

The Superintendent had power to bind the company by a written instrument. (*Bank of Columbia* v. *Patterson's Heirs*, 6 Cal. 1; *Thos. Cary* v. *Petroleum Co.* 33 Cal. 694; Compiled Laws of Cal. 280; 9 Cal. 470; 10 id. 401; 33 id. 636; *Mayor of Ludlow* v. *Carlton*, 6 M. & W. 823.)

But admitting that he had no authority to bind the company by the written instruments offered in evidence, they were not void, but only voidable at the election of the corporation, and a sale and delivery of them to Carpenter was an equitable assignment of the accounts they represented, and entitled plaintiff to recover in this suit. (*Wiggins* v. *McDonald*, 18 Cal. 126; 13 Cal. 116; 30 id. 78; 14 id. 403; 38 id, 263; 1 Hill, 583; 5 Paige, 632; 6 Barb. 182; 3 Sand. 257; Story Eq. Jur., Secs. 1040, 1040b, 1040c; 14 Cal. 403; and cases cited; Burrill on Ass. 67.)

*A. M. Crane*, for Respondents.

In *Benedict* v. *Lansing*, 5 Denio, 283, it was held that a note executed by the agent of a manufacturing corporation

is not presumed to have been authorized by the corporation. To render such note valid against the company the powers of the agent must be shown. (*Lawrence* v. *Gebhard,* 41 Barb. 575.) The assignment of a void note transfers nothing. (*Curtis* v. *Murry,* 26 Cal. 633; Angell & Ames on Corporations, 289, 290; *Emerson* v. *Prov. Mfg. Co.,* 12 Mass. 237; 9 Alabama, 659; 23 Pick. 302; 9 N. H. 263; 11 Shep. 171.)

By the COURT:

The notes made by the Superintendent were not the notes of the mining company. He was not authorized to make notes or contract debts in the name of the company; on the contrary, he was instructed by letter or otherwise, from the officers of the company, not to contract any debt, but only to expend such money as he might be furnished with. The notes not being authorized were void as against the company, and their assignment did not operate as an assignment of the indebtedness for which they were given.

Judgment affirmed.